And we'll move to arguments in ADIAS v. Consumer Financial Protection Bureau and Consumer Financial Protection Bureau. Good morning, and may it please the Court. My name is Claudia Wilner, and I represent the Plaintiff Appellant, Mr. Franklin Arias. In this case, the District Court wrongly dismissed on the pleadings a complaint that alleged clear and significant misrepresentations by a debt collection law firm. The complaint also alleged unfair and unconscionable practices by the firm in abusing state procedures to prolong a restraint on exempt funds. And I want to start with our 1692e misrepresentation claims. Here, the District Court applied the wrong legal standard. In Easterling v. Colecto, this Court held that the least sophisticated consumer standard is an objective standard that pays no attention to the particular circumstances of the specific consumer. But in this case, the District Court applied a subjective standard. As in Easterling, that's reversible error. I also wanted to address the content of the misrepresentations. They occupied four entire paragraphs of the objection that was filed. They implied falsely that any amount of commingling in the account at any time could vitiate an exemption claim. And in order to make those misrepresentations sound even stronger, they cited law that had been superseded back in 2008. But the least sophisticated consumer who is reading this objection is not going to know that that's old, bad law. The only conceivable purpose for such misrepresentations is to confuse the least sophisticated consumer about their exemption rights so that they will waive otherwise valid claims. Is there any basis in your view for the exemption if you remove paragraphs 14 and 15 from the exemption affidavit, from the affirmation in support? So it's A44. If those were to be extracted, is there a reasonable argument that there's a separate factual basis to support that affirmation? No, Your Honor, I don't believe so. And I'm, correct me if I'm wrong, but I'm going to assume you're going to address the other point about the Bank of America restraint and the fact that they say that Bank of America wouldn't have restrained the funds if there weren't exempt. But the truth is, and defendants know very well, and we would be able to prove this at trial, that federal regulations provide a safe harbor for banks to restrain exempt funds. There's a certain protected amount that's set by law that the bank leaves unrestrained and then they freeze the rest. So that's the general practice that banks follow in all circumstances. And so it's unreasonable to assume that just because an account was restrained, that that means that there was actually a finding by the bank that there were non-exempt funds in the account. Just to follow up on the question, and maybe you answered it, maybe you didn't, aren't paragraphs 14 and 15 the central misrepresentations that you're asking us to review? Yeah, the central misrepresentations would be the commingling statement and the zero balance statement. And the zero balance statement is also very important because they're suggesting that even a person who had never commingled funds would have to provide statements going back to a zero balance in order to prove it. And that could be a decade's worth of statements. And we're talking about here low-income people who are surviving on benefits, who don't necessarily have access to these documents, who would be unable to get them, who would have to pay for them probably from their bank and would not even be able to afford to pay for them. So it really presents this very seemingly impossible burden of production that would cause the least sophisticated consumer to think, I can't do this. I'm not even going to bother trying. There's no point in me trying, so I should give up. And that's— This plaintiff didn't give up. This plaintiff did show up at the hearing and was able very effectively to meet with the counsel and have the entire matter resolved. Is he the right plaintiff for this particular claim? Well, it is true that this particular person was persistent, but the purpose of the Fair Debt Collection Practices Act is to look at the practices of debt collectors and how they affect the least sophisticated consumer in general, consumers at large. So although Mr. Arias may have done better than some people would have in these circumstances, what we have to look at is, how would these statements have affected the hypothetically least sophisticated consumer? What you're really saying is that as a policy matter, what we should consider is the deterrent value to the debt collector, not so much how a particular plaintiff responded. Exactly. And if you look at Easterling and other cases, that's what this Court has held is required. Can you turn just briefly to the 1692F argument? Yes. I'm having a little trouble with that. Yeah. So our argument is that it's unfair and unconscionable to file a baseless objection for the purpose of prolonging a restraint on exempt funds. And so that's a central contention there. And how do we assess what's shockingly unjust or unfair in this context? Yeah. Well, that's— Particularly when the district court, with the benefit of the full record, made a different assessment. Well, I wouldn't say we had the benefit of the full record. This was a motion for judgment on the pleadings. There's not been discovery. Of a record. Yeah. Correct. There was a complaint, and there have been a few documents that are attached, and that's what we have. The F claim is fact-intensive, and it requires discovery. We don't know at this point exactly how the facts will shake out. Do you agree that reasonable people might disagree about the level of unfairness here? If there is, as we alleged, and the allegations are plausible, the filing of a baseless objection in bad faith for the purpose of restraining funds for which there is no legal right to restrain those funds, that's unfair and unconscionable. We made those allegations, and they're plausible. We need discovery on those allegations to know what are all the facts and circumstances surrounding them. But they shouldn't be dismissed on the pleadings. I'll save the rest of my time for rebuttal. Thank you. May it please the Court, Christopher Diehl for the Consumer Financial Protection Bureau. I'd like to begin with plaintiff's deception claim. It is unlawful for a debt collector to make a misrepresentation that has the capacity to discourage consumers from fully availing themselves of their legal rights. That's what this Court held in Easterling v. Colecto, and that's what the plaintiff alleged happened here, that the debt collector misrepresented that if the consumer wanted to protect his Social Security benefits from being garnished, he needed to prove that he had never deposited money from any other source into his account. And the collector now concedes that that claim was false or, at best, without a legal basis. So we think clearly the plaintiff has alleged a proper claim under 1692e. Now, the district court reached the opposite result because it focused on the question of whether or not the consumer had actually commingled his account. But that was error for two reasons. First, it ignored the misrepresentation that the consumer had to prove that he had never commingled his account, and specifically that to prove that, he would need to come forward with statements from his bank account going back all the way to when he had a zero balance. Now, that could be a daunting task for any consumer, potentially involving years' worth of statements, and that could deter or discourage anyone, whether they had commingled their account or not. Second, it was error for the district court to consider the consumer's account at all. Under the least sophisticated consumer standard that this court applies in FDCPA cases, the court pays no attention to the circumstances of the particular consumer in question. Instead, the district, and they certainly don't pay attention to the circumstances of the consumer's bank account. Now, moving on to the question of unfairness. We think it's an unfair means of collecting debt for a debt collector. This is 1692. This is 1692F. Yes, Your Honor. So we think it's an unfair or unconscionable means of collecting debt for a debt collector to file a baseless pleading that extends a restraint on a consumer's account, and in the hopes of recovering funds that the collector knows or should know. Is it not the case that the bank statements just on their face may have given the bank some or the debt collector some reason to believe that they might be able to collect? I don't know that that's the case, Your Honor, but we would say that at the… So I want the government's view. When it says shockingly unjust or unfair, that's a very high standard. Would you agree? We think it's a strong standard, but we think it's met here based on the allegations, and I think you have to draw all the inferences in favor of the plaintiff and his complaint. But in terms of trying to come up with context for whether or not conduct is, in fact, unfair or unconscionable, we'd suggest that the court look to the per se unfair or unconscionable means that are mentioned in the Act. And one of those, 1692F6, involves nonjudicial restraints on… attempts to nonjudicially restrain exempt funds. So this was obviously something that Congress was very concerned about. And so the fact here that there was a baseless pleading used to attempt to restrain an attempt to collect on exempt funds we think establishes that this is within sort of the heartland of the kind of conduct that… And the Bank of America indicates, I think, but you can correct me if I'm wrong, that some of the funds may not have been exempt. Is that correct? I don't believe so, Your Honor. I think that drawing the inferences in favor of the complaint, I think what the Bank of America statement indicates is that Bank of America held back the amount of funds that it was required to under federal and state law, not that Bank of America searched through the consumer's account and made an independent determination of whether or not all of the funds were exempt. But we think that that's a factual question that the parties can develop below with respect to Bank of America's actual practices and what the collector reasonably should have known or believed about those practices. If the Court has no further questions, we'd ask that you vacate the judgment on the pleadings and remand. For what? What would the decreed or language be? I'll ask opposing counsel also in due course. What is the remedy that you think is appropriate? I think that the plaintiff should be able to proceed with his 1692E and 1692F claims and develop those claims through discovery and see what they prove. Stop. Good morning. May it please the Court. My name is Kenneth Novikoff and I represent the appellees in this proceeding. Judge Daniels correctly granted appellees judgment on the pleadings dismissing both the 1692E and 1692F claims and appellees ask that this Court affirm that decision. Judge Daniels was correct in holding that based upon DiMatteo, you can look at the context of the circumstances. This is not a case, as DiMatteo said, where you're looking at the education of the particular judgment debtor or any other subjective element. Judge Daniels correctly noted that in the context of what the least sophisticated consumer would have known, that there was no material misrepresentation from the commingling statement nor from the zero-balance statement. So if we take those two out, I want to go back to the question I asked counsel earlier. If we take out the commingling statement and the zero-balance statement, which are contained in paragraphs 14 and 15 of the affirmation at A44, what is the basis for the reasonable belief, the reasonable basis to believe that the funds were not exempt? What do you have left? What could the affidavit have stood on? There would have been one and a half things within the affidavit and one critical basis that was not stated in the affidavit. The first one is the Bank of America withholding approximately $1,800 or so, notwithstanding the direction in the information subpoena and the restraints saying, this is a restraint only for non-exempt funds, do not release exempt funds. Now counsel will say, without any evidence, that banks routinely do this or banks routinely do that. Well, I don't know what banks routinely do and I don't necessarily think it matters what my client knew and did not know about what banks routinely do. But if you look at the Midland One case, the Midland One case, the sovereign bank in that case actually researched the account and they sent communication to the judgment creditor and said, we've looked at this and we think that there may be funds that are not exempt. But if your client, though, had an independent obligation to comply with the statutory terms to provide a reasonable basis to believe that the funds were exempt in the affirmation, right? Yes, absolutely. And if you didn't, then it would be a violation of the statute. Well, the motion would certainly not be granted and if there was no recitation of a reasonable basis, it may even lend itself to a bad faith. Okay, so where, if we take out paragraphs 14 and 15, where is the reasonable basis in the affirmation? Putting aside materiality, I'm just trying to figure out what factual basis do you have in the affirmation? Well, the factual basis is stated, I believe it was in paragraph 15, but I'm not sure, either 14 or 16, where the attorney, where Gutman-Mintz states that the documents that have been submitted were insufficient. He then goes on to make another statement within that paragraph and then he concludes that paragraph by saying, because of the insufficiency of the documents, we could not tell or we can't tell if all the money is in the account of exempt. That leads me to the fundamental problem with plaintiff's submission of proof as required under 5222A. He did not submit to Gutman-Mintz two months of bank activity. And while I will concede, and to the extent your honors have looked at the case law from the state courts here, many of these cases are all over the place. And I believe Midland One even said that this is a very confusing statute. But at least Midland One and Aish from Kings County said that while the judgment debtor is under no obligation to submit proof, all they have to do is submit the exemption claim form to switch the burden to the creditor to prove non-exemption. In order to find bad faith, you have to submit both source documentation and two months of bank activity. This was not done here. And I will concede, your honor, plaintiff is making a federal case based upon what can politely be called sloppy lawyering. We would not be here if the attorney for Gutman-Mintz in the affidavit, when he was saying there's insufficient documentation, would have then said, one, the source documentation is inconsistent, and it was, and I will address that with your honors if you like. And two, you didn't provide the two month bank activity that is, I'm not going to say required, but it would definitely preclude a bad faith finding. He didn't do that. But in answer to your honors question, that is the reasonable basis. So why then, assuming that all of that would have played out had there been further attention to the file, why then when the plaintiff walked into court on the day of the hearing, and he simply then conferred with a lawyer present for your client who was there, doing nothing more than reiterating the material already presented, was your client willing to walk away then? In other words, that seems to be contrary to the idea that there was still some question that was real and out there. I addressed this with Judge Daniels as well in the lengthy oral argument that we had. One, I respectfully disagree with the premise of the question. The complaint doesn't allege that the same documentation that was shown to the lawyer at the hearing was the same documentation that was faxed to Gutman-Mintz along with the ECF form. That being said, let's assume that it was. As I said to Judge Daniels, and I will say to your honors, it's irrelevant because it goes to the intent, I guess, of the judgment creditor being represented by the judgment by Gutman-Mintz. And intent is not an issue. This is a strict liability statute. But more fundamental than that, and practically, and I think we can all appreciate, we've all practiced law here. Right now, I'm going through my heads knowing what I argued in my brief, what I'm arguing now and trying to figure out what may or may not be important in your minds. Anyone who has litigated knows, especially in state court, and even in federal court at the district court level, attorneys make decisions on the spot. Very easily, this attorney could have gone in and said, I've been in front of this state court judge. He or she may not be someone I'm a fan of. Maybe they're not a fan of my law firm. Maybe they're going to make me sit here for six hours until this motion is heard at $350 an hour. That's a $2,100 claim, and the case is only worth $1,800. What we have is an allegation that after reviewing the documents, the lawyer walked away, right? Yes, absolutely. And what your adversaries are asking for is we should review those allegations in a light most favorable to Mr. Arias, and if, I don't know that it's necessarily relevant, but if what you say is correct, then okay, maybe they should have some discovery, at least on that point, as to why the lawyer walked away and said that. And therein lies our issue, and that was the issue that I had with Judge Daniels, and I guess I convinced him at that time. Hopefully, I can convince you. The why is irrelevant. Why the client filed this is irrelevant. Why Gutman-Mintz walked away after the hearing is irrelevant. Intent does not matter for purposes of 1692E or 1692F, except in those occasions where the statute specifically makes mention of knowledge or intent, and it does in various circumstances. So if intent doesn't matter, the why after the fact is irrelevant to what the intent was to make the motion. I would, as counsel for my client, I would love to bring into this issue intent. I think every debt collector who makes a mistake would like to bring in intent and good faith. You can if you want to allege a bona fide error defense, but along with that comes a whole host of other issues, and most debt collectors don't want to go down those issues for no other reason other than cost. But it's clear. The case law is clear. Intent doesn't matter. So respectfully, why the attorney did or did not do anything at the hearing is irrelevant, and I can't emphasize that enough. It's the why and the knowledge. It respectfully does not matter in this case. What matters is within the motion itself on the 1692E, were those statements material misrepresentations? We respectfully assert in light of the mateo where context can come in, and even if it wasn't context, even if the mateo didn't exist, it would not be a material misrepresentation. I guess my point was, if you take out any factual basis at all for the affirmation, do you even end up at a materiality argument? If you're asking if the affidavit was just silent as to reasonable basis? Yeah. I think there would be an argument to be made, perhaps, that that would have been a violation of 1692F. But if there's no misstatement in the affidavit, then there could be no, in our opinion, 1692E violation. But going back to 1692F, as Judge Daniels, I believe, correctly found, they objectively complied with the substantive and material aspects of 5022A. They filed the motion. They asserted what they believed was to be a reasonable basis. In light of the evidence, the proof that was submitted to them. And I think Judge Daniels hit it right on the head. In objectively complying with 5022A, you cannot be found to be acting in a shocking disregard of the norms. It's not an affront to justice. So, therefore, it would not be unconscionable. Let me try to reconstruct your argument, and I'm sure you'll regard it as somewhat unfair. But if so, tell me why. Your view is that under the FDCPA, filing an objection without a colorable claim in law or fact is not unfair or unconscionable. Is that the bottom line? No, I don't think I've said that. I think that if- Or it can't be? No, I think in this case, using your question, if the plaintiff in this case served my client, Gutman Mintz, with source documentation and served them with two months of bank activity, I think in that context, if they filed a motion to object, while I still think it would be colorable because they're relying on the Bank of America representation that there may be after research, and it's in the record in the letter that was sent to plaintiff that they did research this, I think that would get closer to the line where this would be an unconscionable act, for want of a better term, under 1692F. But that's not the case here. They submitted, and I believe Your Honor brought this up in my adversary's oral argument, the bank record itself only had deposits. And as Judge Daniels correctly noted, there were inconsistencies in that document. For example, if all of the funds were deposits from Social Security, how does that explain 13 withdrawals that aren't identified on that document, and using simple math, and again, as I told Judge Daniels, I became a lawyer because I hate math, if all you're getting, for example, is $500 a month, and you have 13 withdrawals, and the withdrawals are $1,500 a month, and you nevertheless have a balance of $4,400, you still may be right that all your money is exempt, but from an attorney's standpoint, I'm looking at this document, as my client did, and say, wait a minute, there's a problem here that I want to pursue a little bit more. It would be respectfully, I think, negligent on my client's part as it relates to the judgment creditor not to at least pursue that via the objection, and if the state court judge views that argument to be reasonable, perhaps he would order an evidentiary hearing to give my client the opportunity to cross-examine, on behalf of its client, the source of the funds and an explanation of this document. Of course, that didn't happen. So in principle, to extrapolate from your remarks just now, you'd have no problem with a remand in which discovery, in which you have the opportunity to ask exactly those questions, and the other side has the opportunity to ask your client some questions. I would, Your Honor, because I think that given the facts, the undisputed facts, as pled and incorporated in the complaint, there can be no 1692-F violation here, and I believe if DiMatteo is followed, in terms of the language where... DiMatteo was a summary order. I understand that, and I'm asking the court to perhaps take it out of the context of a summary order and make a finding. That context is important, especially in this type of proceeding and this type of statute. Well, if context is important, I don't understand how you can rely completely on the pleadings or a motion on the pleadings. I mean, if context is important, I mean, that can only be explored in some form of evidentiary hearing, right? Well, I think Judge Daniel addressed that, and I believe he addressed that correctly, that, again, we're not talking about the education of the debtor, Mr. Arias, or the life experience of Mr. Arias. It's the context of, certainly with regard to the commingling statement, this was a plaintiff, Mr. Arias, who knew that he didn't commingle anything. So, therefore, the statement that you commingled really was of no moment to whether or not it impeded Mr. Arias or would have impeded a similarly situated, least sophisticated consumer who also had put in there, I did not commingle. In fact, Mr. Arias stated that the proof that he submitted was unequivocal. So, as Judge Daniels, I believe, correctly noted that if he believed it was unequivocal proof, he didn't need to do anything else. In fact, even if it wasn't equivocal proof, he didn't need to do anything else under the statute. The state court judge would have looked at the document that government submitted. They weren't hiding the ball. They submitted everything, and he or she would have said, fine, it doesn't matter that Mr. Arias is not here. There's no default mechanism under the state statute. Mr. Arias did not have to show up. He did, and as Your Honor correctly noted, he was successful in at least getting the motion withdrawn. But the court would look at the bank records, the proof, and say, no, I dismiss your objection. The proof is sufficient to me. Release the monies and go away. Or, under certain circumstances, the judge, not by a motion, pursuant to the statute on his or her own volition, sui sponte, could say, your affidavit and your arguments are so ridiculous, I'm finding that they're in bad faith. Thank you, Your Honor. Thank you. Just a few things. I want to go back to the issues that are before this court, looking at whether there's a violation of the Fair Debt Collection Practices Act. That turns on whether there are misrepresentations or false statements and whether there have been unfair and unconscionable acts and practices. Now, going back to the objection that was filed, the basis that were cited in the objection, despite the arguments that really are after-the-fact arguments that are made here today, these, you know, the other speculations about what if there was other money, there could have been this, that, the bank statements were suspicious. Those were not raised in the state court proceeding at all. What we have in the objection is a lie about commingling, a lie about zero balance, a statement about the Bank of America must have determined that there were some non-exempt funds, which is unreasonable, an unreasonable assumption based on standard practice in the industry. And then when they got to court and they saw the statements, they accepted them and released the account. So that really is what gives rise to our claims that this was a baseless exemption. Yes. Yes. Is there any issue with this last two months of account activity? When you look at what your client put in under penalty of perjury and did attach forms, apparently he didn't put in the two months. Does that mean that he hasn't fulfilled his statutory obligation to go down this road? No, Your Honor. If you look at the statute, it doesn't require actually anything to be submitted at all. It has a list of kinds of documentations that would be helpful, and one of the things that it says in the list is the last two months of bank records showing activity. And he actually provided bank records, and there's no dispute that those records came from Bank of America. They showed 11 months' worth of deposits. They showed the balance in the account. They showed that the amount of exempt deposits exceeds the balance of the account. So it is also pled in the complaint that he requested from the bank documentation to establish that the money in the account was from Social Security, and then he presented that information to the debt collectors, saying this is what shows that the only money in my account is Social Security. And actually, sorry, paragraphs 80 and 82 of the complaint, which is A18 and A19, it does in fact allege that it was all the same documentation. I'm wondering about the relationship between 1692E and 1692F. And as I listen to you, it sounds like your position, maybe not the government's position, would be that a violation of 1692E would almost invariably also constitute a violation of 1692F. Is that your position? Or is there some space between those two where a clear misrepresentation by the debt collector would not be unconscionable or otherwise shockingly unjust? Yeah, thank you. I think there is some space between E and F. E addresses deception, and F addresses unfairness and unconscionability. And I would recommend the Sixth Circuit decision in Currier, which goes into the relationship between E and F in some detail, and it explains how these provisions are distinct, but they're also overlapping. So E really concerns the content of communications and whether those communications are deceptive, and F concerns unfair actions. And in this case, we alleged a single course of conduct that had elements of deception and elements of unfairness, and that's why we bring claims under E and F. But we can certainly imagine, I'm sure that you've seen in your court, FDCPA claims addressing misrepresentations that don't seem to be that unfair. And you could also imagine taking unfair acts without being deceptive. So that's why there's two separate provisions in the FDCPA to address those two distinct but sometimes overlapping harms. Thank you.